UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHRISTOPHER DONNELLY       :
                           :
     v.                    :   C.A. No. 13-639ML
                           :
MATTHEW KETTLE             :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Petitioner Christopher Donnelly filed a Petition for habeas corpus under 28 U.S.C. § 2254. (Document No. 1).  Accompanying the Petition was a Motion to Proceed In Forma Pauperis ("IFP"). (Document No. 2).  The Petition and the Motion have been referred to me for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons stated below, I recommend that the Petition be DISMISSED WITHOUT PREJUDICE because it is clear from the face of the Petition that Petitioner has failed to exhaust his claims and that the Motion to Proceed IFP be DENIED AS MOOT.

**Background**

In 2002, Petitioner, who was then a juvenile, entered a plea of nolo contendere[1] in Rhode Island Family Court to one count of assault with the intent to commit first degree sexual assault. (Document No. 1, p. 1-2).  It is unclear from the Petition the precise sentence imposed on Petitioner;[2] however, it is clear that part of this sentence was a requirement that Petitioner register

---

[1] Although the Petition refers to Petitioner's plea of nolo contendere on several occasions, it also refers to this plea as a guilty plea.  (Document No. 1, at 5).  This discrepancy is immaterial to this preliminary review.

[2] Petitioner asserts that he was "sentence[d] as a [j]uvenile to 36 months, sex offender class, and 15 years to [r]egister."  (Document No. 1, p. 5).  Additionally, Petitioner states that he was sentenced on August 23, 2013 to an eighteen-month incarcerative term, with ten years suspended, with probation.  Id. at 1.  It is unclear from the Petition in which case this August 23, 2013 sentencing occurred.  For present purposes, this uncertainty is not material.

as a sex offender for a fifteen-year period. Id. at 5, 14. Petitioner did not appeal this conviction because, Petitioner asserts, "this was a [j]uvenile [c]ourt case from 2002 and [I]...was told I could not [a]ppeal by my attorney." Id. at 5. Petitioner also explains several times that he did not appeal or otherwise seek Rhode Island Supreme Court review of this conviction because he "pleaded nolo contendere." Id. at 5, 8.

The Petition provides a paucity of detail about the relevant events that occurred between this 2002 conviction and the filing of the instant habeas Petition. It appears that, at some time after Petitioner had attained the age of 21, he was either charged with failing to comply with some component of Rhode Island's laws relating to the registration of sex offenders, see R.I. Gen. Laws §§ 11-37.1-1 to 11-37.1-20, or presented as a probation violator for his alleged failure to comply with the registration laws. (Document No. 1, p. 5). The Petition does not indicate the disposition of this proceeding or these proceedings.

The instant habeas Petition was docketed on September 17, 2013. Id. at 1. The claims asserted in this Petition are difficult to decipher, but Petitioner appears to be asserting three distinct claims; each of these claims takes aim at his obligation to register as a sex offender. First, Petitioner seems to assert that, because the registration requirement was imposed in a juvenile proceeding when Petitioner was a juvenile, the juvenile case in which that requirement was imposed closed once Petitioner attained the age of twenty one. Id. at 5; see also id. at 19. Accordingly, he reasons, his obligation to register as a sex offender terminated at that time, and he cannot be required to register now that he is an adult. Id. at 5. Second, Petitioner claims that, because juvenile criminal proceedings are not made public, the State improperly included his juvenile conviction on his "adult flyer" that was presumably used for community notification purposes. Id. at 6. The final claim

asserted in the Petition seems to be that, because the Rhode Island Supreme Court has intimated that sex offender registration is a civil matter, Petitioner cannot be imprisoned for failing to comply with the applicable registration requirements. Id. at 8. Petitioner seeks immediate release from custody, termination of his probation and registration requirements, and compensation for seven years of allegedly illegal incarceration. Id. at 16.

**Analysis**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court is directed to "promptly examine" a habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. In this case, dismissal is appropriate at this preliminary review stage because it is plainly apparent from the Petition that Petitioner has failed to exhaust his state remedies. See Randall v. R.I. Superior Court, No. 12-489ML, 2012 WL 3202454, at *2 (D.R.I. July 16, 2012) (dismissal for failure to exhaust state remedies is proper at Rule 4 preliminary review stage); cf. Brewer v. Marshall, 119 F.3d 993, 999 (1st Cir. 1997) ("[District court] has the authority to consider the procedural default issue sua sponte.").

Section 2254(b)(1) and (c) codifies the exhaustion requirement in habeas cases brought by state prisoners; that section provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>    (A) the applicant has exhausted the remedies available in the courts of the State;
> * * *

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The Supreme Court has explained that this section mandates that a state prisoner "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The petitioner bears a "heavy burden" to demonstrate satisfaction of the exhaustion requirement. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011); Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002); Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). Failure to shoulder this burden "is ordinarily fatal to the prosecution of a federal habeas case." Coningford, 640 F.3d at 482; see also Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

The exhaustion doctrine requires a habeas petitioner to "fairly present" his federal constitutional claim to the state courts, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001). The "substance" of the claim, Picard v. Connor, 404 U.S. 270, 278 (1971) – in other words, "both the factual and legal underpinnings of [the] claim," Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) – must be presented. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).

In this case, in stark contrast to the lack of clarity surrounding the relevant background facts and Petitioner's claims, one thing is abundantly clear from the face of the Petition: the claims asserted by Petitioner were never brought before the Rhode Island Supreme Court via an appeal or any other mechanism for review. The Petitioner repeatedly acknowledges in response to the

questions posed in the form habeas petition that he did not appeal his juvenile conviction to the Supreme Court. (See, e.g., Document No. 1, p. 2, 5). Additionally, the Petitioner admits that he has not pursued any State postconviction relief remedy with respect to that conviction, id. at 3, 7, 8, or otherwise sought review of that judgment in State Court. Id. at 2. Moreover, although the precise date and nature of the state proceedings concerning Petitioner's failure to comply with the registration requirements is unclear, there is no indication that Petitioner has appealed from, or otherwise sought Supreme Court review of, any judgment that has entered in those proceedings.

Failure to include a claim on appeal or in a petition for discretionary review to the state's highest court constitutes a failure to exhaust state remedies with respect to that claim. See Baldwin, 541 U.S. at 32; O'Sullivan, 526 U.S. at 845. Indeed, Petitioner acknowledges that his claims are unexhausted; in response to the question, "If you did not exhaust your state remedies on Ground One, explain why," Petitioner stated, "pleaded nolo contendere." (Document No. 1, p. 5). He provided a similar response to the same inquiry with respect to another ground asserted in his Petition. Id. at 8. Therefore, Petitioner's claims are currently unexhausted, and the Petition should be dismissed without prejudice.

**Conclusion**

For the foregoing reasons, I recommend that the Petition be DISMISSED WITHOUT PREJUDICE. Because I recommend dismissal of the Petition, I also recommend that Petitioner's Motion to Proceed IFP be DENIED AS MOOT. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District

Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 25, 2013